UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN BRYCE KRISTLER,

                Plaintiff,

     v.                                  CAUSE NO. 3:21-CV-826 DRL-MGG

BARKAS,

                Defendant.

OPINION AND ORDER

     Steven Bryce Kristler, a prisoner without a lawyer, filed a complaint alleging Unit Team Manager Barkas did not protect him from attack by fellow inmates. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

     Mr. Kristler alleges he requested protective custody while in Covid quarantine, but was denied by Manager Barkas. ECF 1 at 2. He alleges "[u]pon returning to JHU . . . I was assaulted by 3 or 4 offenders." *Id*. In addition to Manager Barkas, Mr. Kristler is suing the Indiana Department of Correction, but it must be dismissed because it has Eleventh Amendment immunity. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). "[T]hat an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

> To establish deliberate indifference on the part of the defendants sued individually, [the inmate] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [the inmate's] health or safety, yet failed to take appropriate steps to protect him from the specific danger. [The inmate] testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist [the inmate]in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by [an inmate] are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id.*

> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By [the inmate's] own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that [the inmate] himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

Here, the complaint alleges Mr. Kristler Manager Barkas that his "life was in danger in the current location (JHU) and explained [he] was not safe at Miami Correctional Facility." ECF 1 at 2. As *Klebanowski* explained, this was insufficient to show the defendant was deliberately indifferent when she denied him protective custody.

Mr. Kristler may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DISMISSES Indiana Department of Correction;

(2) GRANTS Steven Bryce Kristler until **December 2, 2021**, to file an amended complaint; and

(3) CAUTIONS Steven Bryce Kristler if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 29, 2021                              s/ Damon R. Leichty
                                             Judge, United States District Court