UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN BRYCE KRISTLER,

    Plaintiff,

v.                                       CAUSE NO. 3:21-CV-826 DRL-MGG

BARKAS,

    Defendant.

OPINION AND ORDER

Steven Bryce Kristler, a prisoner without a lawyer, filed a complaint alleging Unit Team Manager Barkas did not protect him from attack by fellow inmates. ECF 1. The court screened it and found it did not state a claim, but granted him leave to file an amended complaint. ECF 4. Mr. Kristler has now filed an amended complaint.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners

have a propensity to commit more." *Id*. Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). "[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

> To establish deliberate indifference on the part of the defendants sued individually, [the prisoner] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [the prisoner's] health or safety, yet failed to take appropriate steps to protect him from the specific danger. [the prisoner] testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist [the prisoner] in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by [the prisoner] are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id*.
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By [the prisoner's] own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these

> additional facts to rely on, there was nothing leading the officers to believe that [the prisoner] himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

Here, the amended complaint alleges Mr. Kristler requested protective custody while in COVID quarantine, because he had been "threatened by some gang members that they were going to attack me if I did not pay them money and because of [his] multiple sex offenses." ECF 9 at 2. He alleges the request was denied by Manager Barkas. When he was released from quarantine, he says he spoke to Manager Barkas and told her he was not safe returning to his cell block, but he was told to go anyway. Later that day, on May 13, 2021, he was attacked by his "Muslim brother . . . with three others that helped him." ECF 9 at 3. It is unclear if his Muslim brother was a member of the gang that threatened him, but it does not appear he knew his Muslim brother posed a threat because he was voluntarily visiting with him and preparing for an RWI pass together.

The complaint seeks both monetary damages and injunctive relief. The allegations state a claim for monetary damages against Manager Barkas, but not injunctive relief. The complaint alleges facts showing Manager Barkas had actual knowledge of an impending harm but did not act to protect Mr. Kristler on May 13, 2021. It provides no facts showing he is presently in danger. Nor does it make any allegations about how he is currently being protected or by whom.

For these reasons, the court:

(1) GRANTS Steven Bryce Kristler leave to proceed against Unit Team Manager Ms. Barkas in her individual capacity for compensatory and punitive damages for failing to protect him from attack in violation of the Eighth Amendment on May 12, 2021, by his Muslim brother and three others because he did not pay them money and because of his multiple sex offenses;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Unit Team Manager Ms. Barkas at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 9);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Unit Team Manager Ms. Barkas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 21, 2022                            *s/ Damon R. Leichty*
                                            Judge, United States District Court