UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN BRYCE KRISTLER, <br><br> Plaintiff, <br><br> v. <br><br> BARKAS, <br><br> Defendant. | CAUSE NO. 3:21-CV-826-DRL-MGG |

OPINION AND ORDER

Steven Bryce Kristler, a prisoner without a lawyer, is proceeding in this case "against Unit Team Manager Ms. Barkas in her individual capacity for compensatory and punitive damages for failing to protect him from attack in violation of the Eighth Amendment on May 12, 2021, by his Muslim brother and three others because he did not pay them money and because of his multiple sex offenses[.]" ECF 12 at 4. On May 11, 2022, Unit Team Manager Barkas filed a motion for summary judgment, arguing Mr. Kristler did not exhaust his administrative remedies before filing suit. ECF 22. With the motion, Unit Team Manager Barkas provided Mr. Kristler the notice required by N.D. Ind. L.R. 56-1(f). ECF 25. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to the statement of material facts, which includes a citation to

evidence supporting each dispute of fact. This deadline passed over five months ago, but Mr. Kristler has not responded. Therefore, the court will now rule on Unit Team Manager Barkas' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to

2

exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Unit Team Manager Barkas provides an affidavit from the grievance specialist at the Miami Correctional Facility (MCF).[1] At the time of the incident alleged in Mr. Kristler's complaint, an offender grievance process was in place at MCF. ECF 22-1 at 2. This process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the department grievance manager. *Id.*; ECF 22-2 at 3. After the incident described in Mr. Kristler's complaint, he filed two formal grievances complaining correctional officers were not adequately protecting him: Grievance 128750 and Grievance 131101. ECF 22-1 at 6; ECF 22-4 at 2, 6. The grievance office denied both of these grievances on the merits, and Mr. Kristler never appealed the grievance office's denial of these grievances. ECF 22-1 at 6-7; ECF 22-3; ECF 22-4 at 1, 5.

Here, Unit Team Manager Barkas has provided undisputed evidence Mr. Kristler did not exhaust the offender grievance process, as it is undisputed he did not appeal the grievance office's denial of his grievances. Mr. Kristler does not provide any evidence the appeal process was unavailable to him or that he submitted any other relevant grievance. Thus, Unit Team Manager Barkas has met her burden to show Mr. Kristler did not

---

[1] Because Mr. Kristler has not responded to Unit Team Manager Barkas' summary judgment motion, the court accepts the grievance specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

exhaust his administrative remedies before filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Unit Team Manager Barkas' summary judgment motion (ECF 22); and

(2) DIRECTS the clerk to enter judgment in favor of Unit Team Manager Barkas and against Steven Bryce Kristler and to close this case.

SO ORDERED.

December 7, 2022               *s/ Damon R. Leichty*
                                Judge, United States District Court